UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

In re:

RICHARD EDWARD LASKER, JR. and DEBORAH ADAM LASKER,

Debtors.

Case No. 15-03600-FPC13

**NOT FOR PUBLICATION**

MEMORANDUM DECISION

The court took under advisement the issue of whether debtors' unsecured debt makes them ineligible for Chapter 13 relief. "An individual qualifies for Chapter 13 relief only if his or her debts do not exceed a certain sum at the time of filing." *In re Slack*, 187 F.3d 1070, 1073 (9th Cir. 1999), as amended (Sept. 9, 1999). Pursuant to 11 U.S.C. § 109(e), a debtor is ineligible for Chapter 13 relief if the debtor's noncontingent, liquidated, unsecured debts exceed the statutory limit of $383,175.00. However, in *In re Scovis*, the Ninth Circuit "explicitly state[d] the rule for determining Chapter 13 eligibility under § 109(e)." *Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975, 982 (9th Cir. 2001). The *Scovis* court explained that to determine the amount of debt owed by a debtor, the bankruptcy court must look to

"debtor's *originally filed schedules*, checking only to see if the schedules were made in good faith." *In re Scovis*, 249 F.3d at 982 (emphasis added).

In this case, creditor NatureWorks Organics filed an unsecured claim (Claim No. 4) against debtors in the amount of $1,145,845.47.[1] The amount of the claim would appear to disqualify debtors. However, according to *In re Scovis*, the total amount of debt this court should take into account, absent an objection to confirmation based on bad faith, is the amount listed on debtors' originally filed schedules. *In re Scovis*, 249 F.3d at 982. Accordingly, the court finds that debtors' original petition, filed in good faith, lists this claim at $210,350.00 and total unsecured debt of $256,698.72 and this total amount is within the debt limit. Importantly, the court notes that creditor NatureWorks, whose claim potentially pushes debtors over the debt limit, does not object to confirmation of debtors' Chapter 13 Plan (ECF No. 156). Given the lack of objection to confirmation by creditor, and the fact that this court found that debtors filed their schedules in good faith, the court finds debtors' are not disqualified by 11 U.S.C. § 109(e). The court notes that it is making no finding as to the ultimate value or legitimacy of creditor NatureWork's claim.

---

[1] The claim indicates that it is based on a North Carolina Superior Court judgment in Case No. 13-cvs-7756. The debtors dispute this claim. The debtors' initial petition valued this claim on their Schedule D at $210,350.00 (ECF No. 1). Debtors' amended Schedule F lists the value of this claim as "unknown" (ECF No. 10). Debtors filed an objection to the claim (ECF No. 68). A hearing on the objection is scheduled for March 21, 2017.

Based on the foregoing, contemporaneously with memorandum decision, the court will enter an order confirming the Debtors' Chapter 13 Plan.

///END OF MEMORANDUM DECISION///